UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN W. GANOTE,

    Plaintiff,

v.                                                                 Case No. 8:05-cv-1134-T-23EAJ

SHARON HUNTER, *et al.*,

    Defendants.
_____/

## **O R D E R**

Steven Ganote's civil rights complaint, filed pursuant to 42 U.S.C. § 1983, alleges that the defendants violated his civil rights by presenting false evidence against him in a criminal prosecution that resulted in his conviction for sexual battery on a child under the age of twelve and his sentence of life imprisonment. Although Ganote has paid the full filing fee, the complaint is still subject to review prior to service on the defendants and must be dismissed if determined that it "is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." 28 U.S.C. § 1915A(b)(1). Having reviewed the complaint, and even though allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972)(per curiam), the court finds that the complaint should be dismissed and not served on the defendants.

Ganote contends that the defendants Detective Hunter, victim/state witness Harding, and Assistant State Attorney Piazza fabricated, concealed, suppressed favorable evidence, and presented false evidence, during the investigation and subsequent trial that resulted in his conviction. He contends that the "illegal prosecution without probable cause" should result in his discharge from confinement.

When a state prisoner challenges the fact or duration of his confinement, his exclusive federal remedy is a writ of habeas corpus. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). This long-standing principle was again affirmed in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Note that the proper procedure is to **dismiss** the civil rights complaint if the court determines that the validity of the conviction or sentence will be called into question if the plaintiff prevails. Ganote's challenges to the evidence used to convict him could be raised in a petition for the writ of habeas corpus. *See, e.g.*, *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999) ("The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have

been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued."). A claim under § 1983 does not exist until Ganote prevails on habeas corpus. Ganote's civil rights complaint is premature because "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489-90.

Consequently, Ganote's complaint fails to state a cause of action as a matter of law because it does not allege that the pertinent conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck,* 512 U.S. at 487. Should Ganote wish to pursue this matter further, a new action should be commenced in which he makes the requisite showing as outlined above. This case will be dismissed without prejudice to Ganote's right to re-file his claim under 42 U.S.C. § 1983 when he can demonstrate that the conviction or sentence have been invalidated.

Accordingly, this action is **DISMISSED** without prejudice because the complaint is premature as a matter of law. The clerk shall **ENTER A JUDGMENT** against Ganote and **CLOSE** this action.

ORDERED in Tampa, Florida, on June 21, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro